UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSA MIRABAL,

        Plaintiff,

v.

ROCKWELL COLLINS, INC., a Foreign Profit Corporation.
        Defendant.

Civil Action No. _____

## DEFENDANT'S NOTICE OF REMOVAL

Defendant ROCKWELL COLLINS, INC., by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of Case No. 2019-013130-CA-01, which is pending in the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND

1. On May 1, 2019, Plaintiff filed her Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida, titled Rosa Mirabal v. Rockwell Collins, Inc., a Foreign Profit Corporation, Case No. 2019-013130-CA-01. During her employment with Defendant, Plaintiff alleges that she was subjected to sex/gender discrimination and harassment. Thereafter, Plaintiff alleges she reported the discrimination and harassment and Defendant terminated her employment in retaliation for exercising her rights under the Florida Civil Rights Act, § 760.01 *et seq*. ("FCRA"). (Compl. ¶¶ 1, 40-41, 45-48.)

2. On May 8, 2019, Plaintiff served a copy of the Complaint and attached Summons on Defendant's registered agent of service, CT Corporation System, via personal service. Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on Defendant are attached as **Exhibit A**.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after Defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

## DIVERSITY JURISDICTION

4. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) as it is between citizens of different states and the amount in controversy exceeds $75,000. (Comp. "Prayer for Relief" following ¶¶ 42, 50.)

5. Plaintiff is a citizen of the State of Florida. (Comp. ¶ 3.)

6. As noted in the Complaint, Defendant is a "Foreign Profit Corporation." (*See* Compl. Case Caption.) Defendant is a Delaware corporation with its corporate headquarters and principal place of business in Cedar Rapids, Iowa. As the US Supreme Court has held, a company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U. S. 77, 92-93 (2010). Thus, Defendant is a citizen of Delaware and Iowa for the purpose of evaluating diversity jurisdiction. (*See* **Exhibit B**, Declaration of Sylda Roldan.)

7. Plaintiff alleges that she began working for Defendant on or about September 2, 2011. (Compl. ¶ 10.) In 2018, Plaintiff claims a coworker started harassing her. (Compl. ¶¶ 13-

19.)  After allegedly raising these concerns to Defendant's Human Resources' Department, Plaintiff alleges she was wrongfully disciplined and, ultimately, her employment was terminated on November 15, 2018.  (Compl. ¶¶ 20-29.)

8.  As part of her damages, Plaintiff seeks lost wages and benefits, including front pay and back pay.  (Comp. "Prayer for Relief" following ¶¶ 42, 50.)  At the time of her employment was terminated, Plaintiff's hourly rate of pay was $15.852.  (Ex. B, ¶ 4.)  Assuming a forty-hour work week with alleged lost wages of approximately $634.00 per week, Plaintiff's alleged lost wages from November 15, 2018 to date (31 weeks) would be approximately $19,656.00.  Plaintiff's alleged lost wages would continue to accrue until trial.

9.  If Plaintiff's lost wages are calculated through trial, which would likely not take place for at least another year, then, measured from the alleged start date of his employment, Plaintiff's lost wages would be approximately an additional $32,968.00.  *See Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (calculating back pay from termination to trial); *Moreland v. Suntrust Bank*, 981 F. Supp. 2d 1210, 1213 (M.D. Fla. 2013) (same); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011 (stating that "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial"); *Cashman v. Host Int'l, Inc.*, No. 8:10-cv-1197, 2010 WL 4659399, at *1 (M.D .Fla. Nov. 9, 2010) (same).

10.  In addition to her alleged lost wages, Plaintiff also seeks: (1) lost benefits; (2) compensatory damages for emotional distress, embarrassment and humiliation; (3) punitive damages; and (4) attorneys' fees.  (Compl. Prayer for Relief following ¶¶ 42, 50.)

11.  Under the FCRA, plaintiffs can also recover compensatory damages for mental anguish, loss of dignity, and any other intangible injuries.  Fla. Stat. Ann. § 706.11(5).  In other

cases asserted under the FCRA and similar federal discrimination laws, courts have awarded compensatory damages well in excess of $75,000. *See, e.g.*, *Muñoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming jury award of $150,000 for compensatory damages in age discrimination case under FCRA); *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (upholding jury's award of $457,000 for emotional distress damages under ADEA). Such cases provide further evidence of an amount in controversy in excess of the federal jurisdictional threshold. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010) ("defendants may submit a wide range of evidence . . . to satisfy the jurisdictional requirements of removal," including prior cases that allow "reasonable deductions, reasonable inferences, or other reasonable extrapolations").

12. In addition, Plaintiff seeks punitive damages, which must be considered in determining the amount in controversy. *See Brown*, 2005 WL 1126670, at *5 ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (citation, internal quotations, and ellipses omitted). Under the FCRA, a prevailing plaintiff may be entitled to punitive damages "not to exceed $100,000." Fla. Stat. Ann. § 706.11(5).

13. A prevailing plaintiff is also authorized to recover attorneys' fees under the FCRA, and "a reasonable amount of those fees is included in the amount in controversy." *See Brown*, 2005 WL 1126670, at *4 (citation and internal quotations omitted).

14. Although Defendant denies that Plaintiff is entitled to any relief whatsoever, it does not appear to a legal certainty that Plaintiff cannot recover in excess of $75,000.00 on her cause of action. Thus, Plaintiff's allegations satisfy the $75,000 jurisdictional amount in controversy threshold.

15. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

16. This action is pending in the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida; therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

17. Prompt written notice of this Notice of Removal is being sent to Plaintiff, through her counsel, and to the Clerk of Court for the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida,, as required by 28 U.S.C. § 1446(d).  A copy of that notice is attached as **Exhibit C**.

                    Respectfully submitted,

                    ROCKWELL COLLINS, INC.

                    By: *s/ Alex S. Drummond*
                        Alex S. Drummond
                        Florida Bar No. 231116
                        adrummond@seyfarth.com
                        Misty R. Martin (*pro hac vice forthcoming*)
                        Illinois Bar No. 6284999
                        E-mail: mrmartin@seyfarth.com
                        SEYFARTH SHAW LLP
                        1075 Peachtree Street, N.E.
                        Suite 2500
                        Atlanta, Georgia 30309-3958
                        Telephone:  (404) 885-1500
                        Facsimile:  (404) 892-7056

Date:  May 28, 2019            Attorneys for Defendant
                                      Rockwell Collins, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSA MIRABAL,

        Plaintiff,

v.

ROCKWELL COLLINS, INC., a Foreign Profit Corporation

        Defendant.

Case No. _____

## CERTIFICATE OF SERVICE

I certify that on May 28, 2019, I electronically filed **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and I served a copy of the same by first class mail addressed to the following attorneys of record:

    Jason S. Remer
    Miriam Brooks
    Manuel A. Antommattei
    Remer & Georges-Pierre, PLLC
    44 West Flagler Street, Suite 2200
    Miami, FL 33130
    Telephone: (305) 416-5000
    Facsimile: (305) 416-5005
    jremer@rgpattorneys.com
    mbrooks@rgpattorneys.com
    maa@rgpattorneys.com

                      *s/ Alex S. Drummond*
                      Alex S. Drummond
                      Counsel for Defendant
                      Rockwell Collins, Inc.